```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

Aaron Ritter,                    :
        Plaintiff,               :
                                 :
     v.                          :     File No. 1:06-CV-98
                                 :
Appalachian Regional             :
Hospital, Dr. Francis,           :
        Defendants.              :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 8)

Plaintiff Aaron Ritter, a Vermont inmate proceeding *pro se* and *in forma pauperis*, brings this action claiming that he has received inadequate medical care while incarcerated at an out of state facility. Specifically, Ritter claims that defendant Francis ordered the removal of his appendix after explaining that the appendix was not a necessary organ. Ritter now believes that the appendix is necessary, and is suing Dr. Francis for negligence and deliberate indifference.

Ritter also claims that, by removing his appendix, surgeons at the Appalachian Regional Hospital ("ARH") "aided and abetted" Dr. Francis's wrongdoing. Ritter further accuses nurses at ARH of administering intravenous medications in such a way that he has lost circulation and feeling in his hands. ARH has moved to

dismiss (Paper 8), arguing lack of personal jurisdiction, improper venue, and failure to state a claim for which relief may be granted.  Dr. Francis has not yet been served.[1]  For the reasons set forth below, I recommend that the motion to dismiss be DENIED without prejudice, and that this case be transferred to the Eastern District of Kentucky.

## Factual Background

For purposes of the pending motion to dismiss, the allegations in the complaint will be accepted as true. Ritter is an inmate in the custody of the Vermont Department of Corrections, and is currently incarcerated at CCA-LAC Prison in Beattyville, Kentucky.  On February 9, 2005, Dr. Francis informed Ritter that his appendix needed to be removed.  Ritter agreed to the surgery after Dr. Francis explained to him that the appendix is "vastigial, meaning that it is not a necessary party of the body, and so a body can function exactly the same without it."  (Paper 5-1 at 1).  Since the time of his surgery, however, Ritter has allegedly learned that the

---

[1]  The Marshals Service attempted service by waiver, but the waiver form was not executed as Dr. Francis is no longer employed at the prison. (Paper 6).

2

appendix is not a "vastigial" organ.  Consequently, Ritter is suing Dr. Francis for "deliberately giving the plaintiff false information."  Id. at 2.  Ritter is also suing ARH as the employer of the surgeon who performed the appendectomy.

While Ritter was recovering from surgery at ARH, he was administered drugs intravenously.  Inexperienced nurses would shoot the drugs into his veins quickly "thus blowing out plaintiff's veins," while more experienced nurses would inject the drugs slowly.  Id.  As a result of his vein damage, Ritter now suffers poor circulation and permanent loss of feeling in his hands.

As to his legal claims, Ritter alleges that Dr. Francis is liable for medical malpractice and deliberate indifference to serious medical needs in violation of the Eighth Amendment.  ARH is being sued for aiding and abetting Dr. Francis.  The hospital is also being sued under the Eighth Amendment for the actions of its nurses in administering the intravenous medications.  For relief, Ritter seeks compensatory and punitive damages, as well as an injunction ordering the hospital to arrange for the necessary physical therapy.

Discussion

ARH first asserts that it is located in Perry County, Kentucky, and that this Court has no personal jurisdiction to hear Ritter's claim against it. On a motion to dismiss under Fed. R. Civ. P. 12(b)(2), a plaintiff bears the burden of showing that the Court has personal jurisdiction over the defendants. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). Where, prior to discovery, the parties address the issue solely through the pleadings and affidavits, a plaintiff need only make a *prima facie* showing of jurisdiction. Kronisch v. United States, 150 F.3d 112, 130 (2d Cir. 1998). Also, the Court must construe jurisdictional allegations liberally, and take as true uncontroverted factual allegations. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994).

Courts use a two-part inquiry to determine whether there is personal jurisdiction over a non-resident defendant. Anichini, Inc. v. Campbell, 2005 WL 2464191, at *2 (D. Vt. Oct. 4, 2005) (quoting Metro. Life Ins. Co., 84 F.3d at 567 (2d Cir. 1996)). A court must first

4

review the applicable long-arm statute, then consider whether such jurisdiction violates due process.  Id. (citing Bensusan Restaurant Corp. v. King, 126 F.3d 25, 27) (2d Cir. 1997).  Because Vermont's long-arm statute, 12 V.S.A. § 913(b), allows jurisdiction over defendants to the full extent permitted by the Due Process Clause, the inquiry in Vermont is reduced to only the due process analysis.  Metro. Life Ins. Co., 84 F.3d at 567.  The due process analysis requires the Court to consider (1) whether the defendant has sufficient "minimum contacts" with the forum state, and (2) if such contacts exist, whether jurisdiction based on such contacts is "reasonable under the circumstances of the particular case."  Id.

The guiding principle for evaluating a defendant's contacts with the forum state is that jurisdiction must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state thus invoking the benefits and protections of its laws."  Sollinger v. Nasco Int'l, Inc., 655 F. Supp. 1385, 1386 (D. Vt. 1987) (quoting Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985)).

Jurisdiction is not proper unless the defendant actively initiates contacts in the state or creates continuing obligations between himself and a Vermont resident. <u>Anichini</u>, 2005 WL 2464191, at *2 (citations omitted).

Here, the facts alleged in the complaint make clear that Ritter received his medical care in Kentucky. His original diagnosis was made by Dr. Francis at the correctional facility, and the appendectomy and subsequent care were administered at a regional hospital (ARH). Nothing in the complaint suggests that ARH actively initiated contact with a Vermont resident, or that it sought to have any contact with the State of Vermont whatsoever.

In response to the motion to dismiss, Ritter claims that the hospital acted as an agent for the Vermont Department of Corrections. Ritter also notes that the hospital has hired Vermont counsel. Neither of these arguments is persuasive. There is nothing in the complaint to suggest that a regional hospital in Kentucky acts as an agent of the State of Vermont. Nor is there any allegation that ARH has a contractual or other type of formal relationship with Vermont. Finally, the fact

that the hospital has hired local counsel to object on grounds of personal jurisdiction does not act as a waiver of such jurisdiction.  See generally Fed. R. Civ. P. 12(b) (defense of lack of personal jurisdiction may be presented by motion); Coen v. Coen, 2006 WL 2727219, at *19 (D. Minn. Sept. 2, 2006).  For these reasons, the Court should find that it does not have jurisdiction over ARH in this case.

Although the court lacks personal jurisdiction over ARH, dismissal is not required.  Rather, district courts have discretion to transfer a civil case to another district if transfer would be in the interest of justice and benefit "the convenience of the parties and witnesses." 28 U.S.C. § 1404(a); see also In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court.").  Moreover, a court may transfer a case *sua sponte* even if the defendant moves only to dismiss.  See Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 372 n. 3 (2d Cir. 1966); McCulley v. Anglers Cove Condominium Ass'n, Inc., 977 F. Supp. 177, 180 (E.D.N.Y. 1997).

In determining whether a case merits a transfer, a two-step inquiry is required.  First, the Court establishes that the case could have been filed in the transferee district and if so, determines whether the convenience and the interests of justice favor a transfer.  See, e.g., Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006).  Here, it appears that venue is proper in the Eastern District of Kentucky.  28 U.S.C. § 1391(a).  ARH is located in that district, Ritter is incarcerated in that district, and Dr. Francis was formerly employed there.  Accordingly, the Court finds that venue is proper in the United States District Court for the Eastern District of Kentucky.

Having concluded that this case might have been brought in an alternative district, the Court must now examine whether a transfer is warranted for the convenience of the parties and witnesses and in the interest of justice.  In making this determination, courts generally consider several factors, including (i) the convenience of the witnesses; (ii) the convenience of the parties; (iii) the location of relevant documents and

the ease of access to sources of proof; (iv) the locus of operative facts; (v) the availability of process to compel the attendance of unwilling witnesses; (vi) the relative means of the parties; (vii) the comparative familiarity of each district with the governing law; (viii) the weight accorded to the plaintiff's choice of forum; and (ix) judicial economy and the interest of justice.  See, e.g., Zepherin v. Greyhound Lines Inc., 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006).

In this case, nearly all of these factors favor a transfer to Kentucky.  Witnesses, parties, and relevant documents are all presumably in Kentucky.  The transferee court is undoubtedly familiar with federal law, and negligence questions will be determined, if at all, under Kentucky state law.  Although weight is commonly given to the plaintiff's choice of forum, the lack of personal jurisdiction over the defendants renders that consideration moot.[2]

Finally, it is in the interest of justice to transfer this case.  A transfer will benefit the

---

[2] Although Dr. Francis has not filed a response to the complaint, it is plain from the allegations in the complaint that he was a Kentucky doctor at the time of the events in question, and that this Court's jurisdiction over his person is unlikely.

9

plaintiff, since he will not have to re-file his action in Kentucky.  The only prejudice to the defendants is that ARH is not achieving complete dismissal of the plaintiff's claims.  Although ARH argues that Ritter's claims are without merit, courts generally do not address the merits of a complaint when personal jurisdiction is lacking.  See, e.g., Michael v. I.N.S., 870 F. Supp. 44, 46 (S.D.N.Y. 1994).  Therefore, I recommend that the Court DENY ARH's motion to dismiss, but that it do so without prejudice so that ARH may raise its claims under Rule 12 in the transferee court.

## Conclusion

For the reasons set forth above, I recommend that ARH's motion to dismiss (Paper 8) be DENIED without prejudice, and that this case be TRANSFERRED pursuant to 28 U.S.C. § 1404 to the United States District Court for the Eastern District of Kentucky.

Dated at Burlington, in the District of Vermont, this 4th day of December, 2006.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

10

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).